UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAUKATH and MOHAMMED ZAHIRUDDIN, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1021 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. and WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is a motion for summary judgment filed by Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, N.A., as Trustee, on behalf of registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF6, incorrectly named as Wells Fargo Bank, N.A. ("Wells Fargo as Trustee") (collectively, "Defendants"). Dkt. 13. Plaintiffs Shaukath and Mohammed Zahruddin (the "Homeowners") have requested that the court deny the motion. Dkt. 16. The court has reviewed the motion, response, reply, and applicable law, and the court is of the opinion that the Defendants' motion for summary judgement (Dkt. 13) should be GRANTED.

### I. BACKGROUND

This is a foreclosure case. On April 22, 2004, the Homeowners obtained a home equity loan from First Franklin Financial Corporation ("First Franklin"), encumbering the Homeowners' real property located at 15103 Jones Road, Houston, Texas 77070 (the "Property"). Dkt. 13, Ex. A-1, A-2; Dkt. 16, Ex. 1. In May 2010, due to an alleged serious hardship, the Homeowners contacted Bank of America, N.A. ("BANA"), the original trustee to the Deed of Trust, and requested assistance

with their mortgage payments. Dkt. 16 ¶ 6. During the teleconference, BANA allegedly informed the Homeowners that BANA would grant the Homeowners a loan modification, reducing the Homeowners' interest rate by 2% and their monthly payment from $2,867.00 per month to $1,200 per month. Dkt. 16 ¶ 6-7.

Relying on this representation, in July 2010, Homeowners began making payments towards their mortgage of approximately $1,200 per month. Dkt. 13, Ex. A, A-5. However, there is no evidence of a record memorializing the alleged oral agreement to modify the Homeowners' mortgage payments in writing, and there is no evidence indicating that BANA promised the Homeowners to create and sign a contract memorializing a modification of the Homeowners' mortgage. Dkt. 13 ¶¶ 6–8. When BANA received a mortgage payment from the Homeowners, BANA would either return the payments, hold the payments until they formed a full payment that was then applied to the loan, or use the payments towards property tax advances or other accrued tax advances. Dkt. 13, Ex. A ¶ 12. BANA's application of the Homeowners' mortgage payments in this manner is specifically contemplated in the Homeowners' Deed of Trust, which also states that such an application of partial mortgage payments does not waive the Defendants' rights to refuse partial payments or foreclose. Dkt. 13, Ex. A, A-2. The Homeowners continued to pay about $1,200 per month towards their mortgage for approximately five years. Dkt. 13, Ex. A, A-5.

On May 21, 2013, BANA sent a letter to the Homeowners which seems to respond to some grievances and concerns the Homeowners asserted against BANA. Dkt. 16, Ex. 2. In this 2013 letter, BANA summarized the Homeowners' alleged complaints and concerns as of 2013, including the Homeowners' position that BANA had agreed to modify the Homeowners' mortgage. Dkt. 16, Ex. 2 at 1. The 2013 letter also stated that BANA had not offered a loan modification to the Homeowners and that BANA had applied the Homeowners' payments appropriately. *Id.* at 1–5.

BANA continued to act as the mortgage servicer for the Homeowners' loan until December 16, 2013, when servicing of the Homeowners' loan was transferred to SPS. Dkt. 13, Ex. A, A-4.

On June 30, 2014, First Franklin assigned the Homeowners' Deed of Trust to Wells Fargo as Trustee. Dkt. 13, Ex. A, A-3; Dkt. 16, Ex. 3. SPS is the present mortgage servicer and acts on behalf of Wells Fargo as Trustee. Dkt. 13, Ex. A, A-4. Defendants began the foreclosure process because the Homeowners were in serious default under their original mortgage agreement and the Homeowners had not received and were not eligible for an enforceable loan modification. Dkt. 13, Ex. A, A-7. On March 19, 2015, Defendants sent a Notice of Default and Intent to Accelerate to the Homeowners. Dkt. 13, Ex. A, A-8. On July 22, 2015, SPS sent a letter to the Homeowners notifying them that the Homeowners' last full payment[1] was received on March 18, 2015, that the Homeowners' mortgage loan was in default, and that the Homeowners had to pay $126,299.57 by August 5, 2015 to cure the default. Dkt. 16, Ex. 4.

On March 2, 2016, the Homeowners filed a lawsuit against the Defendants in the 333rd Judicial District Court, Harris County, Texas, seeking a permanent injunction against the Defendants to prevent the foreclosure of their property. Dkt. 1 at 5–7. Their petition asserts a claim for promissory estoppel. *Id.* Homeowners protest Defendants' foreclosure action, alleging that Defendants knew of BANA's approval of their loan modification and are now reneging on the arrangement. Dkt. 16 at 8-12, Ex. 2.

---

[1] The parties dispute the meaning of "last full payment." The Homeowners argue that the phrase "last full payment" reflects that the Defendants recognized that the Homeowners' $1,200 per month payment was a complete payment under the alleged loan modification agreement. Dkt. 16 ¶ 19, Ex. 4. Defendants counter that the Homeowners' Deed of Trust makes it clear that Defendants could hold the Homeowners' partial payments until the partial payments constituted a full payment, and so the phrase "last full payment" reflects that the Defendants combined the partial payments into a "full payment." Dkt. 13, Ex. A, A-2; Dkt. 17 ¶¶ 5–7.

On April 15, 2016, Defendants removed the matter to this court, asserting that this court has diversity jurisdiction. Dkt. 1. On January 4, 2017, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, to which Homeowners have filed a response, and Defendants have filed a reply. Dkts. 13, 16, 17. The motion is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Defendants seek summary judgment on all of the Homeowners' claims because (1) any promise by BANA modifying the Homeowners' mortgage is not enforceable unless the promise is memorialized in writing; (2) for promissory estoppel to supersede the writing requirement, there must be a promise by BANA to sign an existing contract that modifies the Homeowners' mortgage, yet evidence of this type of promise is not provided by the Homeowners; (3) Homeowners did not rely on BANA's promise to adjust their mortgage payments; and (4) Homeowners' failure to establish a claim giving rise to a plausible right of relief precludes them from injunctive relief.

Dkt.13 at 5–9. The Homeowners ask the court to deny Defendants' motion for summary judgment because (1) the Defendants failed to meet their burden to prove that the statute of frauds affirmative defense bars the Homeowners' promissory estoppel claim, and (2) the Homeowners reasonably relied on the representations of BANA.

A.  **Promissory Estoppel for a Modification of a Mortgage**

Promissory estoppel is an equitable doctrine that allows the enforcement of an unenforceable promise and is used to prevent injustice resulting from reasonable and detrimental reliance. *See Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965). "Texas courts have contemplated promissory estoppel claims as either independent claims or defenses to a statute of frauds defense." *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013) (citing *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 138–40 (Tex. App.—Corpus Christi, 2001, no pet.). Here, the Homeowners' petition pleads promissory estoppel as an independent cause of action, and the Homeowners argue that promissory estoppel serves as an equity-based exception to the Defendants' statute of frauds affirmative defense. Dkt.16 ¶ 13.

"Under the doctrine of promissory estoppel, . . . a person may be bound by a promise that [the person] reasonably believed would induce action or inaction" by another, and in reliance on the promise, the other person is induced to act or forbears to act. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972)). However, a promise relating to the sale of real estate or a real estate loan agreement must be in writing and signed by the party to be bound to satisfy the Texas statute of frauds. *Martins*, 722 F.3d at 256–57; *See* Tex. Bus. & Com. Code Ann. § 26.02(b) (West 2017). A "loan agreement means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any

5

combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or *make a financial accommodation*." § 26.02(a)(2) (emphasis added). Because BANA allegedly promised to modify the Homeowners' mortgage agreement terms, a promise to make a financial accommodation by BANA must comport with the Texas statute of frauds. *Martins*, 722 F.3d at 256; *See* § 26.02(b)(4). However, if there is no writing memorializing a promise to modify a mortgage that satisfies the Texas statute of frauds, promissory estoppel has "been recognized as [an] equity-based exception[] to the traditional statute of frauds" when the "alleged oral promise is to sign an *existing* document that satisfies the statute of frauds." *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd). Therefore, the two issues are: (1) is there evidence demonstrating that there is an issue of material fact concerning whether Defendants' written correspondence with the Homeowners is a sufficient writing to satisfy the Texas statute of frauds; and (2) if there is no sufficient writing memorializing BANA's promise, did the Homeowners' sufficiently adduce evidence demonstrating that there is an issue of material fact concerning whether BANA had promised to sign a prepared contract memorializing the alleged agreement to modify the Homeowners' mortgage?

  **1.** **Statute of Frauds**

The statute of frauds is an affirmative defense. *See* Fed. R. Civ. P. 8(c); *EPCO Carbone Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). A movant seeking summary judgement on an affirmative defense must adduce "evidence supporting each element of the defense and [demonstrate] the lack of any genuine issue of material fact." *Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, 83 F. Supp. 3d 707, 723 (E.D. Tex. 2015) (citing *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002)).

First, because BANA's promise concerned a real estate loan agreement, the Texas statute of frauds applies, and any promise by BANA modifying the terms of the Homeowners' original mortgage must be in writing to be enforceable. *Martins*, 722 F.3d 256–57. "The statute of frauds requires the written agreement . . . to be complete within itself in every material detail and to contain all of the essential elements of the agreement so that the contract can be ascertained from the writings without resort to oral testimony." *Maggin v. Norwest Mortg., Inc.*, 919 S.W.2d 164, 167 (Tex. App.—Austin 1996, no writ) (citing *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978)). It is undisputed that no formal written agreement reflecting BANA's alleged promise to the Homeowners exists. *See* Dkt. 13; Dkt. 16. Thus, the burden shifts to the Homeowners to establish the promissory estoppel exception to the statute of frauds. *See Martins*, 722 F.3d at 256–57.

While there is no evidence of an actual writing, "[p]romissory estoppel [has] been recognized as [an] equity-based exception[] to the traditional statute of frauds." *Gaubert*, 286 S.W.3d at 553 (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982), and *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972)). Moreover, for promissory estoppel to overcome the Texas statute of frauds requirement in an alleged oral loan modification, "there must have been a promise to *sign* a written contract which has been prepared and which would satisfy the statute of frauds." *Martins*, 722 F.3d at 256–57 (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.—Houston[14th Dist.] 1992, writ denied)) (emphasis added). However, in their response to the Defendants' motion for summary judgment, the Homeowners merely state that the Defendants do not meet their burden on their affirmative defense of the statute of frauds as a matter of law; the Homeowners provide no evidence or facts addressing whether BANA promised to sign an existing contract that would modify the Homeowners' mortgage. Dkt. 16 ¶¶ 14, 18–20. The Homeowners rely on the evidence of the 2013 BANA letter, SPS's 2015 notice of danger of foreclosure, and

BANA's acceptance of their payments with no additional late fees to argue that there is an issue of material fact concerning whether a loan modification was entered into by the parties. Dkt. 16 ¶ 19, Exs. 2, 4. This evidence, however, does not address whether BANA promised to *sign* an existing document to modify the Homeowners' mortgage, which is necessary to overcome the Texas statute of frauds. *See Martins*, 722 F.3d at 256–57. Raising an issue of material fact on whether Defendants knew or should have known of BANA's alleged oral agreement with the Homeowners is not enough to surmount the Texas statute of frauds requirement. *Id.* Accordingly, Homeowners failed to provide any specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514–515 (1986).

Because there is no writing to satisfy the statute of frauds and no evidence of a promise to reduce the alleged oral modification to writing, Defendants' motion for summary judgment on the Homeowners' promissory estoppel claim is GRANTED.

B.  **Reasonable Reliance on Promise**

Alternatively, Defendants argue that the Homeowners did not reasonably rely on BANA's promise that the Homeowners' loan had been modified. Dkt. 13 ¶ 22. In a promissory estoppel claim, the element of reliance must be reasonable. *Ford*, 44 S.W.3d at 140. Because the court finds that BANA's promise is not enforceable under the statute of frauds, the court need not determine whether Homeowners' reliance on BANA's promise was reasonable, as BANA's promise is not enforceable.

C.  **Injunctive Relief**

A request for injunctive relief is not in itself a cause of action and depends on the underlying cause of action. *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.), *overruled on other grounds by Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453

S.W.3d 411 (Tex. 2013). Thus, because Homeowners' promissory estoppel claim fails as a matter of law, the court finds that Homeowners are not entitled to injunctive relief. Accordingly, Defendants' motion for summary judgment on this claim is GRANTED.

### IV. Conclusion

Defendants' motion for summary judgment is GRANTED. All of Plaintiffs' claims are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on June 14, 2017.

_____
Gray H. Miller
United States District Judge